UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DR. ALAN COLÓN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-1819** |
| **DILLARD UNIVERSITY** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Dillard University's Motion to Partially Dismiss Plaintiff's State Law Claims Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #20) is **GRANTED**, and plaintiff's claims brought under the Louisiana Employment Discrimination Law ("LEDL"), specifically, La. Rev. Stat. § 23:301, *et seq.*, La. Rev. Stat. § 23:312, *et seq.*, La. Rev. Stat. § 23:332, *et seq.*, and La. Rev. Stat. § 51:2231, *et seq.*, are **DISMISSED WITH PREJUDICE**.

## BACKGROUND

This matter is before the court on a motion to dismiss filed by defendant, Dillard University. Dillard argues that plaintiff's claims brought under the Louisiana Employment Discrimination Law ("LEDL"), specifically, La. Rev. Stat. § 23:301, *et seq.*, La. Rev. Stat. § 23:312, *et seq.*, La. Rev. Stat. § 23:332, *et seq.*, and La. Rev. Stat. § 51:2231, *et seq.*, should be dismissed because they are prescribed.

Plaintiff, Alan Colón, is an African-American man who holds a Ph.D. in higher education administration and curriculum and teacher education. In 1998, Dillard hired him to teach African World Studies, and Dillard's Board of Trustees awarded him tenure on March 20, 1999. On May 25, 2012, Phillis W. Dawkins, Dillard's Provost and Senior Vice President for Academic Affairs, sent correspondence to Colón informing him that his position and the related "program, concentration or minor" were being eliminated effective for the 2012-2013 academic year, and that he should consider the layoff to be permanent.

On March 7, 2013, Colón filed a complaint with the Equal Employment Opportunity Commission ("EEOC").  The EEOC complaint states that Colón believes that he "and similarly situated black males, and individuals over age 40, as a class, have been discriminated against based on race, black; gender, male, and age, in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended and the Age Discrimination in Employment Act (ADEA)."  Colón alleges that he received a right to sue letter from the EEOC on October 29, 2015.

On January 25, 2016, Colón filed his original petition against Dillard in the Civil District Court for the Parish of Orleans, State of Louisiana, alleging claims of age and racial discrimination.  Colón alleges that Dillard continues to offer courses that he is qualified to teach and that he was teaching prior to his termination, and that Dillard has hired younger, less-qualified, non-tenured faculty and/or adjunct professors who may have been outside of his protected racial class to teach those courses.  Colón states that his claims arise under Louisiana law, but he also alleges that he timely filed a charge of discrimination against Dillard with the EEOC, and filed his petition within 90 days after receiving the right to sue letter.

On March 3, 2016, Dillard removed Colón's suit to the United States District Court for the Eastern District of Louisiana alleging federal question subject matter jurisdiction under 28 U.S.C. § 1331.  In its Notice of Removal, Dillard stated that Colón's petition alleges violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, along with claims under Louisiana law.  Dillard stated that the petition's reference to Colón's EEOC complaint invokes this court's subject matter jurisdiction because it asserts a federal cause of action.  On March 8, 2016, Colón filed an amended

2

complaint that alleged that this court has subject matter jurisdiction under § 1331, and explicitly sets forth claims under the ADEA and Title VII, as well as Louisiana law.

Thereafter, Dillard filed the instant motion to dismiss arguing that Colón's Louisiana law discrimination claims are prescribed. Colón does not oppose the motion with respect to his claims for race and sex discrimination brought under Louisiana law, but he argues that discovery is necessary to determine whether his Louisiana law claim for age discrimination is prescribed.

## ANALYSIS

### I.      Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50.

**II.     Prescription**

The prescriptive period for employment discrimination claims brought under Louisiana law is codified at La. Rev. Stat. § 23:303(D), which provides that:

> [a]ny cause of action provided in this Chapter shall be subject to a prescriptive period of one year. However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights. No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months.

La. Rev. Stat. § 23:303(D); Eastin v. Entergy Corp., 865 So.2d 49, 53 (La. 2004). This one-year prescriptive period begins to run from the date that the injury or damage is sustained which is "the earlier of the date the employee is informed of his termination or his actual separation from employment." Eastin, 865 So.2d at 53-54.

Colón's employment with Dillard ended on May 25, 2012. Pursuant to La. Rev. Stat. § 23:303(D), Colón had one year from that date within which to file his claim, that is, by May 25, 2013. On March 7, 2013, Colón filed a complaint with the EEOC, which suspended prescription on his claim for a period of not more than six months. See La. Rev. Stat. § 23:303(D). Thus, the prescriptive period on Colón's claim was extended by six months, from May 25, 2013, to November 25, 2013. Colón did not file suit against Dillard until January 25, 2016, well beyond the one-year prescriptive period and the six-month suspension period. Thus, Colón's claims under the Louisiana Employment Discrimination Act are prescribed on the face of the complaint.[1]

---

[1] Relying on Jay v. Int'l Salt Co., 868 F.2d 179 (5th Cir. 1989), and Jupiter v. Bellsouth Telecomm.,Inc., 1999 WL 1009829 (E.D. La. Nov. 5, 1999), Colón argues that prescription should not begin to run on his age discrimination claim until he knew or should have known that Dillard replaced him with a younger person because that is when the claim accrued. This jurisprudence is no longer applicable because it pre-dates the enactment of La. Rev. Stat. § 23:303(D) and Eastin v. Entergy Corp., 865 So.2d 49, 53 (La.

When a defendant shows that a claim is prescribed on the face of the complaint, "the plaintiff bears the burden of proving [that] the prescriptive period has been suspended, interrupted or renounced." Wilhike v. Polk, 999 So.2d 83 (La. Ct. App. 2008) (citing Lima v. Schmidt, 595 So.2d 624 (La. 1992)). Colón argues that the application of the *contra non valentem* doctrine prevents his Louisiana law age discrimination claim from being prescribed.

*Contra non valentem* is a jurisprudential doctrine whereby prescription is suspended when a person cannot file suit. Carter v. Haygood, 892 So.2d 1261, 1268 (La. 2005) (citing Frank L. Maraist and Thomas C. Galligan, Louisiana Tort Law § 10-4(b), 22 (1996)). The Supreme Court of Louisiana has recognized four circumstances where the doctrine of *contra non valentem* is applied to suspend the running of prescription:

> (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
>
> (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
>
> (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
>
> (4) where the cause of action is neither known or reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant.

Marin v. Exxon Mobil Corp., 48 So.3d 234, 245 (La. 2010). *Contra non valentem* is only to be applied in exceptional circumstances and "will not exempt the plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will

---

2004), in which the Supreme Court of Louisiana interpreted § 23:303(D) to mean that prescription on an employment discrimination claim begins to run at the earlier of the date the employee is informed of his termination or his actual separation from employment.

be deemed to know what he could by reasonable diligence have learned." Id. at 245-46. "Further, 'prescription runs from the date on which [a plaintiff] first suffered actual and appreciable damage, ... even though he may thereafter come to a more precise realization of the damages he has already incurred or incur further damages as a result of the completed tortious act.'" Id. at 246.

  Colón argues that fourth circumstance applies, that the cause of action was neither known nor reasonably knowable to him until he knew that he was replaced with a younger person. Colón relies on Bourdais v. New Orleans City, 485 F.3d 294 (5th Cir. 2007), to support this argument. The Bourdais plaintiffs brought claims against the City of New Orleans for discriminatory practices in the hiring of firefighters for the New Orleans Fire Department ("NOFD") under the Equal Protection Clause of the Fourteenth Amendment, 42 U.S.C. §§ 1981, 1983, 1985, and corresponding state statutes. Id. at 298. In 1991, the NOFD administered a written aptitude test to applicants seeking to be come firefighters. Id. at 297. The applicants who received a passing score and passed other screenings were placed on a register of recruits eligible for hire. Id. The NOFD hired seven classes of firefighters from the 1991 register. Id. Prior to 1991, the NOFD hired applicants from the eligibility list from the top down, beginning with the highest test score. Id. With the 1991 register, the NOFD adopted a policy whereby it would hire one African America for every Caucasian, which resulted in African Americans getting hired before Caucasians who had higher test scores. Id. In 1996, two lawsuits were filed by people who were on the register but alleged they were not hired due to the discriminatory practice. Thereafter, the Bourdais plaintiffs, who were hired in classes two through seven of the 1991 register, filed their suit seeking back pay and lost benefits claiming that their hiring was delayed due to the discriminatory practice. Id. The City argued that their claims were time-barred. Id. The United States Court of Appeals for the Fifth Circuit held that the *contra*

*non valentem* doctrine applied to suspend the limitations period because the Bourdais plaintiffs, who were hired, could not have known that they were discriminated against until the NOFD's actions were uncovered in the other litigation. Id. at 298-99.

Bourdais is distinguishable from the case at bar. First, the Bourdais plaintiffs filed claims for violations of the Equal Protection Clause of the Fourteenth Amendment to which the prescriptive period of one year stated in La. Civ. Code art 3492 applies. Id. at 298. Colón's claim arises under the Louisiana age discrimination law, which has its own prescriptive period set forth in La. Rev. Stat. § 23:303(D). Also, the Bourdais plaintiffs' claims involved delayed hiring whereas Colón's claim is that he was fired for a discriminatory purpose. In Eastin, 865 So.2d at 56-57, the Supreme Court of Louisiana found that the *contra non valentem* doctrine did not apply when plaintiffs who claimed they were terminated in violation of Louisiana's anti-discrimination laws did not investigate their terminations to determine whether there was an unlawful reason for their terminations because "learning of one's own termination *does* give rise to the knowledge of a cause of action and starts the proverbial clock's ticking." Id. at 56. Colón is in the same position as the Eastin plaintiffs. He knew that he had a cause of action when he was fired. Indeed, he filed an EEOC claim on March 7, 2013, before prescription ran, claiming that he was the victim of age discrimination. Therefore, Colón knew about the cause of action before the limitations period ran, and the *contra non valentem* doctrine does not apply. Dillard's motion to dismiss is GRANTED, and Colón's claims brought under the LEDL are DISMISSED WITH PREJUDICE.

## CONCLUSION

**IT IS HEREBY ORDERED** that Dillard University's Motion to Partially Dismiss Plaintiff's State Law Claims Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #20) is **GRANTED**, and plaintiff's claims brought under the Louisiana Employment Discrimination Law ("LEDL"), specifically, La. Rev. Stat. § 23:301, *et seq.*, La. Rev. Stat. § 23:312, *et seq.*, La. Rev. Stat. § 23:332, *et seq.*, and La. Rev. Stat. § 51:2231, *et seq.*, are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  31st  day of August, 2016.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**